**Fidel CHEMIE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71668.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Fidel Chemie, Fullerton, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Ann Carroll Vernon, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Fidel Chemie, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA's") streamlined affirmance of the Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

Although Petitioner's subjective fear of persecution in Nigeria is credible, he cannot demonstrate by direct, credible, and specific evidence in the record that his fear has a reasonable and objective basis. *See Diaz–Escobar v. INS*, 782 F.2d 1488, 1493 (9th Cir.1986). Substantial evidence therefore supports the IJ's conclusion that Petitioner is ineligible for asylum. *See De Valle v. INS*, 901 F.2d 787, 790 (9th Cir. 1990); *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Failure to meet the standard for asylum necessarily precludes Petitioner from obtaining the relief of withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Substantial evidence also supports the IJ's denial of Petitioner's application for relief under the CAT, as Petitioner has not established that it is more likely than not that he will be tortured upon his return to Nigeria. *See Bellout v. Ashcroft*, 363 F.3d 975, 977 (9th Cir.2004).

Further, Petitioner has not established that he has suffered a due process violation. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (stating that this court reviews claims of due process violations during removal proceedings *de novo* ). Although Petitioner's English was accented, he was sufficiently fluent to be able reasonably to present his case. *See id.* The record demonstrates that the IJ responded appropriately to Petitioner's testimony and clarified any questions that arose during the proceeding due to Petitioner's accent. Additionally, Petitioner has offered no evidence or explanation to support his contention that the IJ did not possess Petitioner's credible fear worksheet at his removal proceeding. Even had a due process violation occurred, Petitioner has not established that such a violation resulted in prejudice, as Petitioner cannot demonstrate that he has suffered past persecution or that he holds a well-founded fear of future persecution in Nigeria. *See Martinez-de Bojorquez v. Ashcroft*, 365 F.3d 800, 806 (9th Cir.2004).

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.